**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**OLLIE LEE EVANS**                                                                                        **PLAINTIFF**

**v.**                                                                                                 **No. 4:11CV129-M-V**

**EMMITT SPARKMAN, ET AL.**                                                                      **DEFENDANTS**

**REPORT AND RECOMMENDATION**

On February 13, 2012, plaintiff Ollie Lee Evans, an inmate in the custody of the Mississippi State Penitentiary with inmate number 63213, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

The plaintiff claims that he has been exposed to environmental tobacco smoke during months of incarceration in the Mississippi State Penitentiary. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Allegations**

Ollie Lee Evans was incarcerated at the Mississippi State Penitentiary for a period of months during which he was exposed to the smoke from the tobacco used by other inmates. He even faced this problem when housed in a non-smoking unit. The smoke has caused him sinus

---

[1] 28 U.S.C. § 1915(g).

trouble. He has contacted various prison officials seeking relief from the smoke. He has been examined by a doctor at the Mississippi State Penitentiary Hospital (Unit 42), but the doctor could find nothing to diagnose. Indeed, though Evans has seen several doctors, none has suggested that he has any condition caused or aggravated by cigarette smoke. He was treated with medication for sinus irritation and enjoyed a bit of relief.

He has recently been transferred to the South Mississippi Correctional Institution, where, though he is not housed near any smokers, he can detect smoke coming through the ventilation system. In addition, the nurses would not send him to the doctor for exposure to environmental tobacco smoke.

## Second-Hand Smoke

In order to prove a violation of the Eighth Amendment prohibition against cruel and unusual punishment based upon exposure to second-hand smoke, a prisoner must establish: (1) that he is being exposed to unreasonably high levels of second-hand smoke, and (2) whether society considers the risk so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. *Helling v. McKinney*, 509 U.S. 25, 35, 113 S.Ct. 2475, 2482, 125 L.Ed.2d 22 (1993). In assessing the first factor, the court must conduct an inquiry into the seriousness of the potential harm and into the likelihood that second-hand smoke will actually cause such harm. *Id.* at 37, 113 S.Ct. at 2482; *see also Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001). Sporadic and fleeting exposure to second-hand smoke, even if it causes coughing and nausea, does not rise to the level of a constitutional violation. *Id.*; *see also Oliver v. Deen*, 77 F.3d 156, 158 (7th Cir. 1996) (denying Eighth Amendment claim by asthmatic claiming smoke caused him to wheeze, gasp for breath and suffer dizziness and nausea). Even sustained exposure to second-hand smoke has failed to constitute an Eighth Amendment

violation. *Oliver*, 77 F.3d at 159 (133 days of sharing cell with smoker fails to state Eighth Amendment claim); *Guilmet v. Knight*, 792 F.Supp. 93 (E.D. Wash. 1992) (sharing cell with smoker for 15 days did not "pose . . . an unreasonable risk to [the non-smoking inmate's health], much less [deny him] 'the minimal civilized measure of life's necessities.'")

In this case, Evans was exposed to smoke for only a period of months, was examined by a doctor, and found to have suffered no ill effects, other than sinus irritation, from exposure to tobacco smoke. He was treated for sinus irritation and has since been moved to another facility. These allegations fail to state a claim upon which relief could be granted and should be dismissed.

**Handling of Objections, Acknowledgment of Receipt**

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to*

*dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this 22nd day of June, 2012.

/s/   Jane M. Virden
UNITED STATES MAGISTRATE JUDGE